Good morning. Thank you, Your Honor. May it please the Court, I'm Lori Mason of Cooley LLP Pro Bono Council for Petitioner Bartolo Vivenzi-De La Cruz, and I'd like to reserve three minutes of my time for rebuttal. The issues on the appeal are narrow ones, that is, whether the Board of Immigration Appeals erroneously concluded that Mr. Vivenzi had not raised his deferral of removal claim before the Board, and as a result, whether the Board erroneously failed to address that claim. Mr. Vivenzi raised a number of claims before the immigration judge, including that he was a derivative U.S. citizen through his U.S. citizen mother, asylum, cancellation of removal, adjustment of status, and withholding and deferral of removal under the Convention Against Torture. Although his mom is unquestionably a U.S. citizen, unfortunately the record did not bear out that she met the requisite residency requirements to confer her citizenship on Mr. Vivenzi. And similarly, many of his claims are barred by several criminal convictions dating back nearly 10 years. But those criminal convictions do not bar his claim for deferral of removal. Well, I'm looking at the last sentence of the order, BIA's order, and it says the Respondent's convictions render him removable, and the Respondent has not demonstrated that he qualifies for any form of relief or protection from removal. Why doesn't that include cat protection from removal? Yes, Your Honor. Earlier in the decision, of course, the — earlier in the decision, the Board stated that it believed that Vivenzi had not raised those issues. Okay. That was then. This is now. Certainly. And so under the Lopez v. Ashcroft case, we think that the Board was required to address the cat's claim specifically. And a footnote in that case, the Court held that by failing to refer to cat and by failing to refer to the specific provisions of cat, the Board had failed to address that claim. So we believe that that case, in combination with the fact that the Board indicated that he wasn't pursuing the claims, demonstrates that the Board did not consider his claims. Mr. Vivenzi, as you know, represented himself pro se throughout the proceedings below until we were appointed as pro bono counsel in 2011. And as such, the standard for evaluating his pleadings before the Board are subject to a very lenient standard. His pleadings have to be given their most liberal construction, and we believe under Pagayan v. Holder and similar cases from the Court, his references, even though inartful, were sufficient to bring these issues to the Board's attention. Well, he recited as I read this, he recited the claim as in the procedural history. So in his initial Board brief, that's correct. And he did state the cat claim in his initial Board brief.  But he specifically said that he, quote, never would have pleaded and offered to testify against other Colombian nationals, which put him on jeopardy if he ever goes back to Colombia, does why he pleaded for asylum. Obviously, it's very inartful, but he refers specifically to his fear of returning to Colombia because he had testified in drug cases involving Colombian drug lords. Now, the bulk of his brief focused on claims of derivative citizenship, but that sentence, combined with his notice of appeal, which stated that he appealed, quote, as alternative to reinstead all prior 240A, meaning cancellation of removal, plus asylum et al., was sufficient to move his appeal out of the realm of sort of a general challenge to the IJ's decision into raising an issue that the BIA should have addressed. His statements are similar to statements that were found to sufficiently state a fear of future persecution in the Menendez Gutierrez case. That's 340F3-865, where the petitioner stated, being a member of PAN has meant the threat of my life if I were to return to Mexico. I believe I would be killed if I returned to Mexico. His statement in his brief is very similar. And similar in Pagillan v. Holder, where a petitioner said only that the totality of the evidence didn't support the IJ's decision and due process was violated. And the court said that that was sufficient to raise an issue of whether his convictions barred removal. So there's a lot of daylight between what the petitioner in the Pagillan case said and the issue that the court actually addressed in that case. We recognize that his pleadings are on the edge of what would suffice, you know, even in a pro se case, but we do believe that they cross that line into the realm where the board should have considered his CAT claim specifically and mentioned his CAT claim specifically. The government concedes that the proper remedy is to vacate and remand his case if it's determined that the BIA didn't address his claim, and they concede that at footnote 7 of their brief. We believe that's the appropriate remedy here to remand it to the Board of Immigration Appeals to allow them to consider specifically his claim for deferral of removal, which is not barred by those criminal convictions. If there are no more questions, I'd like to reserve the rest of my time for rebuttal. Was there an asylum claim? Yes, he did raise an asylum claim, which was also barred by the criminal convictions. And is it what you just read? Yeah, he does refer, use the word asylum when he's referring to the fear, he does. On the I-589 form, it's titled asylum and withholding of removal, I think, and there's not actually a separate box for deferral of removal. So as a pro se litigant, I think it's fair to construe that statement, even though it refers specifically to asylum, to encompass those claims for withdrawal, withholding and deferral of removal. Thank you. Thank you. Thank you, Your Honors. Good morning. Good morning. May it please the Court, my name is Dawn Conrad, and I'm here today on behalf of the United States Attorney General. The Court lacks jurisdiction over Petitioner's claim for deferral of removal under the Convention Against Torture because Petitioner failed to exhaust that claim before the Board. Even construing those briefs he filed before the Board liberally because of Petitioner's pro se status, Petitioner raised no challenge to the IJ's denial of his application for protection under the Convention Against Torture. He certainly knew how to raise other claims. He argued that he was a derivative citizen through his mother, entitled to adjustment of status, entitled to a 212C waiver, but he made no challenge to the IJ's denial of his request for Convention Against Torture protection. The Board properly found that his claims for asylum, withholding of removal, cat protection, and cancellation of removal were waived. Thus, the Board failed to exhaust his claim for cat deferral below, and this Court lacks jurisdiction to consider it. His first brief to the Board, which only stated in the procedural background section that he sought relief from removal before the IJ in the forms of cancellation, asylum, withholding of removal, and cat protection. But in the argument section, he only argues that he has U.S. citizenship through his mother. In his second brief to the Board, which opposing counsel relied on today, he is really talking about his he believed he was eligible for a 212C waiver, and so at the end of that brief he said he would not have pled guilty to his convictions and offered to testify against Columbia Nationals, which would put him in jeopardy if he ever goes back to Columbia. And that is why he applied for asylum. It's not an indication that he was challenging the IJ's decision on asylum, withholding, and cat. It was an argument in support of the 212C waiver. And then the cases that Petitioner cited are distinguishable because in those cases there was at least some mention of the claim that the Petitioner was raising to the Board. This Court has held that when the Petitioner argues that the IJ erred in denying asylum, withholding, and convention against torture protection, that is sufficient to raise it to the Board, but we don't even have that in this case. Is it your position that that statement that I read before constitutes a consideration of the cat claim? That's probably, that was our fallback argument in our brief. If it is, it is the consideration as much as it was raised by Petitioner. It's not a detailed consideration of the convention against torture claim. I think you're telling us we really shouldn't rely on that argument. I would actually withdraw that fallback argument and argue that the Board found that those claims were waived. Got it. Thank you. But he still failed to exhaust his cat claim. If there are no further questions, we respectfully ask the Court to close. Could I just ask you, what was the Board referring to in that? I think the Board was just summarizing the agency's findings, that they had found him removable as charged and that he hadn't demonstrated eligibility for asylum and various, all the applications for relief he applied for. All right. We respectfully ask the Court to dismiss the petition for review. Thank you. Thank you, Ms. Conrad. Ms. Mason, you had some time left. Thank you, Your Honors. I specifically want to address the notion that there has to be some specific mention of the claim for a pro se pleading to be construed to raise that claim. There are numerous cases where the legalistic term is not used. So the Agamon v. INS case, it's 296F3-871. The person said that his wife shouldn't have been required to testify because she was sick and her doctor had told her not to travel to the hearing, never using the term due process. But that was found to raise a due process claim. Similarly, in the Pagayan v. Holder case, the notice of appeal simply stated that the IJ failed to take consideration of the totality of the evidence presented and failed to apply the correct legal standards and also said that he had been denied due process. But the claim on that appeal was that the government had failed to prove that his convictions rendered him removable, and the Court addressed that specific claim regarding removability. That's 675F3-1182. I also think that ---- Excuse me, Ms. Mason. Excuse me. There's a difference between failing to identify the name of the claim for relief versus discussing it in some detail. Where is the discussion of the CAT claim? The only sentence in his brief that can be construed to refer to the CAT claim is the one that we've already stated here. However, under Ninth Circuit precedent, it's clear that an issue does not have to be argued by a pro se petitioner in order to raise the issue. That's the Aiden v. Holder case, 589F3-1040. If there are no further questions. Thank you, Your Honor. Thank you. The case just argued is submitted. Ms. Mason, we very much appreciate your having accepted this appointment on a pro bono basis. Thank you very much.
judges: Huck, Schroeder, Silverman